STATE OF INDIANA          IN THE DEARBORN CIRCUIT COURT

DEARBORN COUNTY                    2007 TERM

ANN KNOPP,                CAUSE NO. 15CO1-0711-PL-*015*

    Plaintiff       CIVIL COMPLAINT

vs.

WAL-MART STORES, INC.
WAL-MART REAL ESTATE
BUSINESS TRUST, and
CLEVELAND CONSTRUCTION, INC.,

# FILED

**NOV 09 2007**

*Mary Dillsauw*
**CLERK OF DEARBORN CIRCUIT COURT**

    Defendants

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

Comes now the Plaintiff, by counsel, and for her causes of action against the Defendants, jointly and severally, alleges and states the following facts common to all causes of action set forth in this complaint:

1.    Plaintiff is the owner of certain real estate situated in Dearborn County, Indiana, referred to and identified as Tract I, as described in deed dated October 21, 2001, recorded October 25, 2001 with the Recorder of Dearborn County, Indiana appearing in Book 27 beginning at page 1809, a true, complete and exact copy of which deed is attached hereto and marked as Plaintiff's Exhibit No. 1.

2.    The Northwesterly side of the Plaintiff's Tract I real estate adjoins, is abounded by and has access to and from Wilson Creek Road, a public road.

3.     The opposite or northeasterly side of the Plaintiff's aforesaid real estate furthest away from Wilson Creek Road, is adjoined by and touches upon certain real estate currently owned by the City of Aurora, Indiana, according to deed dated December 27, 2002, recorded March 6, 2003 with the Recorder of Dearborn County, Indiana, appearing in Book 70 beginning at page 1693, a true, complete and exact copy of which is attached hereto and marked as Plaintiff's Exhibit No. 2.

4.     The opposite or northwesterly side of the aforesaid real estate belonging to the City of Aurora (ie. the side furthest away from the common boundary line dividing the Plaintiff's real estate from the City of Aurora's real estate) borders and adjoins Wilson Creek, a natural flowing water way which is a tributary of the Ohio River.

5.     Attached hereto and identified as Plaintiff's Exhibit No. 3 is a surveyor's boundary drawing showing the location of Wilson Creek Road, the boundaries of the Plaintiff's real estate and the City of Aurora's real estate in relation to Wilson Creek.

6.     The Defendant, Cleveland Construction, Inc., is a servant, agent and contractor performing work for and under the direction of Defendants, Wal-Mart Stores, Inc., and/or Wal-Mart Real Estate Business Trust.

7.     Specifically, the Defendants are currently engaged in a project identified as the Wilson Creek Floodway Reestablishment Project with respect to

2

Wal-Mart Store No. 1160, which involves the dredging and filling of Wilson Creek and the relocation of a portion of the channel of Wilson Creek.

## COUNT I

## COMPLAINT FOR TRESPASS

Plaintiff, by counsel, for her cause of action for trespass against the Defendants, jointly and severally, states that:

8. She incorporates by reference and makes a part of this cause, as if set forth verbatim herein, rhetorical paragraphs 1 through 7 of the allegations common to all causes of action.

9. The Defendant, Cleveland Construction, Inc., as an agent, servant and contractor for Defendants, Wal-Mart Stores, Inc., and Wal-Mart Real Estate Business Trust, during the month of September, 2007, first entered, and continues to enter, upon and across the Plaintiff's land from Wilson Creek Road in order to gain access to Wilson Creek and surrounding land for purposes of performing work required for the aforesaid Wilson Creek Floodway Reestablishment Project.

10. The Defendants have entered and continue to enter upon and across the real estate of the Plaintiff without lawful authority or the permission of the Plaintiff.

11. The Defendants, by entering and continuing to enter upon and across the real estate of the Plaintiff have committed and are committing a trespass on the Plaintiff's land.

3

12. While on the Plaintiff's land, the Defendants, without the permission of or consent from the Plaintiff, have cut down trees, and cleared a portion of Plaintiff's land in order to construct, and have constructed, a construction access road from Wilson Creek Road over and across her land and onto the adjoining land of the City of Aurora, Indiana, which access road is shown on a surveyor's drawing marked as Plaintiff's Exhibit No. 4 attached hereto and made a part hereof. In addition to creating a construction access road from Wilson Creek Road across the Plaintiff's land, the Defendants have: placed large mounds of dirt on her land; placed building materials, rock, pipes, etc., on her land; placed a construction entry guard house shed as well as a construction/contractor's building and a porto-let on her land, all without her advance knowledge, consent or permission. See Plaintiff's Exhibit No. 5 attached hereto.

13. When Plaintiff first learned that the Defendants had gone upon her land and were using it for their own purposes, she attempted to contact an authorized representative of Defendant, Wal-Mart Stores, Inc., by a written letter dated September 26, 2007, which was never acknowledged or answered.

14. As a result of the Defendants' trespass, and continuing trespass, Plaintiff has been damaged.

15. Defendants have demonstrated malicious and oppressive conduct during its trespass to the Plaintiff's land.

WHEREFORE, Plaintiff prays and demands judgment, jointly and severally, against the Defendants in the sum and for an amount to be ascertained

4

according to the facts and evidence of the case as ultimately determined by the trier of the facts, inclusive of punitive damages, together with pre and post judgment interest, plus costs and Plaintiff's attorney fees, along with all other just and proper relief in the premises.

## COUNT II

### COMPLAINT FOR TREBLE DAMAGES

Plaintiff, by counsel, for her cause of action for treble damages pursuant to IC 34-51-1-3 and IC 34-24-3-1, against the defendants, jointly and severally, states that:

16.    She incorporates by reference and makes a part of this cause, as if set forth verbatim herein, rhetorical paragraphs 1 through 15.

17.    Defendants have committed a criminal trespass against the land of the Plaintiff in violation of IC 35-43-2-2.  In particular, the Defendants have knowingly or intentionally interfered, and continue to interfere, with the possession and use of the Plaintiff's land without her consent.

18.    As a result of Defendant's criminal trespass against the Plaintiff's land, the Plaintiff has suffered, and continues to suffer, a pecuniary loss, and she is therefore entitled to an amount not to exceed three (3) times her actual damages, plus the costs of this action and her attorney fees.

WHEREFORE, Plaintiff prays and demands judgment, jointly and severally, against the Defendants for actual damages to be ascertained according to the facts and evidence of the case as ultimately determined by the trier of facts,

5

together with treble damages for an amount equal to three (3) times her actual damages, together with the costs of this action, plus her attorney fees, along with all other just and proper relief in the premises

## COUNT III

### COMPLAINT FOR EJECTMENT, REMOVAL OF EARTH, OBJECTS AND STRUCTURES AND RESTORATION OF LAND TO ITS ORIGINAL CONDITION

Plaintiff, by counsel, for her cause of action in ejectment, removal of earth, objects and structures, and restoration of land to its original condition , and for damages against the Defendants, jointly and severally, as provided for in IC 32-30-2 et seq., states that:

19.   She incorporates by reference and makes a part of this cause, as if set forth verbatim herein, rhetorical paragraphs 1 through 18.

20.   Defendants are in unlawful and wrongful possession of a portion of the Plaintiff's real estate, without any right, easement or title thereto, and have no right to any past, current or future use or possession thereof.

21.   Defendants have demonstrated wanton aggression concerning, and bad faith possession of, certain portions of the Plaintiff's real estate. At no time could the Defendants have justifiably believed that any of them had a valid right to possess, occupy, change, damage or develop any portion to the Plaintiff's real estate without her consent.

22.   On or around September 20, 2007, the Plaintiff sent a letter to an authorized representative of Defendant, Wal-Mart-Stores, Inc., advising that she is

6

the owner of the real estate referred to under Plaintiff's Exhibit No. 1, along Wilson Creek Road, which is being used as a construction staging area for said Defendant's Wilson Creek work project without Plaintiff's permission.  In total disregard to the Plaintiff's letter, Defendants are using and possessing certain portions of her land without her consent.

23.    The Defendants had free and open access to all public records of Dearborn County, Indiana for the purpose of conducting a title search and examination in order to determine that the Plaintiff is the legal owner of the real estate identified under Plaintiff's Exhibit No. 1 needed for ingress and egress to and from Wilson Creek Road and a construction access road therefrom across Plaintiff's real estate in order to reach Wilson Creek.

24.    Plaintiff is entitled to have her land restored to its original condition and everything placed thereon by the Defendants removed by them and Plaintiff is also entitled to compensatory damages for the wrongful use, changes, damage to and possession of her real estate, together with punitive/exemplary damages.

WHEREFORE, Plaintiff, by counsel, prays and demands judgment, jointly and severally, against the Defendants in the sum and for an amount to be ascertained according to the facts and evidence of the case as ultimately determined by the trier of the facts, inclusive of punitive damages, together with pre and post judgment interest, plus costs and Plaintiff's attorney fees, and to have the Defendants ejected therefrom and to have her land restored to its original condition      and      everything      placed      thereon      by      the

7

Defendants to be removed by them, along with all other just and proper relief in

the premises.

DOUGLAS R. DENMURE
Attorney for Plaintiff
402 Second Street
P.O. Box 36
Aurora, IN. 47001
(812) 926-1227
(812) 926-2224 FAX
Indiana Supreme Court ID No. 10529-15

## JURY DEMAND

Plaintiff respectfully requests that all issues properly triable by a jury,
including all issues of fact and damages, be submitted to and tried before a jury.

DOUGLAS R. DENMURE
Attorney for Plaintiff

8